IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARLEYSVILLE NATIONAL BANK AND TRUST COMPANY | : | CIVIL ACTION |
| v. | : | |
| AUDREY HAISFIELD | : | NO. 09-5358 |

## MEMORANDUM

**Padova, J.**                                                                                                                                                    **May 24, 2010**

Plaintiff Harleysville National Bank and Trust Company ("Harleysville") commenced this breach of contract action against Defendant Audrey Haisfield, after Haisfield failed to respond to demands that she make payments on a Guaranty that she executed in connection with a promissory note. Harleysville has now filed a Motion for Summary Judgment. For the following reasons, we grant the Motion.

The undisputed record facts are as follows. On November 19, 2001, Azco Partners II, L.P.. ("Azco") executed a Promissory Note (the "Note") in favor of Millenium Bank ("Millenium"), in the principal amount of $1,900,000. (Statement of Undisputed Facts ¶ 1.) In connection with the Note, Haisfield executed and delivered to Millenium a November 19, 2001 Guaranty, which guaranteed full and prompt payment of all obligations owed by Azco to Millenium under the Note. (Id. ¶ 2.) Harleysville is the successor-in-interest to Millenium under both the Note and Guaranty. (Id. ¶ 3.)

In an August 13, 2009 letter (the "Default Letter"), Harleysville notified Azco and Haisfield that certain events of default had occurred under the Note. (Id. ¶ 4.) Namely, according to the Default Letter, Azco had failed to (1) make payments under the Note that were due on January 30, 2009, February 28, 2009, March 30, 2009, April 30, 2009, May 30, 2009, June 30, 2009, and July

30, 2009; and (2) make interest payments under the Note that were due on March 30, 2009, April 30, 2009, May 30, 2009, June 30, 2009, and July 30, 2009. (Id.) Pursuant to the Default Letter, and as a result of the above-mentioned defaults, Harleysville accelerated Azco's obligations under the Note and demanded immediate payment of the obligations. (Id. ¶ 5.) Meanwhile, as a result of Harleysville accelerating the obligations under the Note, Haisfield's obligations to Harleysville under the Guaranty also became immediately due. (Id. ¶ 6.) Defendant has, however, failed to satisfy her obligations under the Guaranty. (Id. ¶ 7.)

According to the Statement of Undisputed Facts, as of February 17, 2009, the amounts due and owing under the Guaranty were as follows:

| | |
|---|---:|
| Outstanding and Unpaid Principal Balance Due Under the Guaranty | $324,422.90 |
| Accrued and Unpaid Interest Due Under the Guaranty. | $17,161.39 |
| Accrued and Unpaid Late Fees Due Under the Guaranty | $10,072.27 |
| **Total Amount Due Under the Guaranty** | **$351,656.56** |

(Id. ¶ 8.) Harleysville has moved for summary judgment in its favor in this amount.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it

might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). After the moving party has met its initial burden, the opposing party "must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Summary judgment is appropriate if the nonmoving party fails to make a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In its Motion for Summary Judgment, Harleysville correctly points out that the undisputed facts of record establish that Haisfield breached the Guaranty and is liable for damages. In order to establish a breach of contract under Pennsylvania law, a plaintiff must show that (1) a contract existed between it and the defendant, (2) the defendant breached a duty imposed by the contract, and (3) the plaintiff suffered damages as a result. CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). Here, as detailed above, the undisputed facts establish that Harleysville and Haisfield were parties to the Guaranty, Haisfield breached the Guaranty by failing to make payments under it after her obligations became due, and Harleysville suffered damages as a result.

Although Haisfield does not consent to the entry of judgment against her, she also does not dispute any of the facts set forth above or even argue that they are insufficient to establish her liability and Harleysville's damages. Indeed, in her response to the Motion for Summary Judgment, she essentially admitted liability and merely requested discovery pursuant to Fed. R. Civ. P. 56(f) concerning the precise amounts due under the Guaranty. On April 29, 2010, we ordered Harleysville

to provide Haisfield with the documentation that she requested. Thereafter, on May 14, 2010, Haisfield sent a letter to the Court, stating that she "has no evidence to dispute the claimed amount."

For the foregoing reasons, Haisfield has plainly failed to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Moreover, the undisputed facts of record establish that Harleysville is entitled to judgment in its favor as a matter of law. We therefore grant Harleysville's Motion for Summary Judgment in its entirety.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____
John R. Padova, J.